CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 12 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:13CR00019 |
| | ) | (CASE NO. 3:15CV80870) |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| LARRY SANFORD WALKER, JR., | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Larry Sanford Walker, Jr., a federal inmate proceeding pro se, filed a "Notice of Appeal 2255," which the court construed and docketed conditionally as a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, subject to Walker's fulfillment of stated conditions. Because Walker has not met those conditions, the court concludes that he does not wish to pursue this § 2255 motion and will dismiss it without prejudice.

Walker was convicted in this court in December 2014 of conspiracy to possess and distribute narcotics and sentenced to 170 months in prison. He did not file a timely direct appeal of his conviction to the United States Court of Appeals for the Fourth Circuit. On November 9, 2015, the court received Walker's "Notice of Appeal 2255" and docketed as a § 2255 motion. On November 18, 2015, the court issued an Order, notifying Walker of the pending, conditionally filed § 2255 motion, advising him that his submission appeared to be timely filed under § 2255(f), but did not state any claims for relief, and directing him to submit within ten days his objection to the court's construction of his motion as a § 2255 motion or to submit an amended § 2255 motion, stating his claims for relief. See Castro v. United States, 540 U.S. 375 (2003) (finding district court must offer defendant opportunity to agree to court's stated intention to address his post-conviction motion as his initial § 2255 motion). The Order stated that

"[f]ailure to comply with this Order . . . will result in the dismissal of the conditionally filed § 2255 action without prejudice."

Pursuant to Standing order 2015-5 and the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A(a)(l) and (c), the Office of the Federal Public Defender for the Western District of Virginia was appointed to consult with defendant to determine whether defendant might qualify for federal habeas relief in light of Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (June 26, 2015). Counsel filed two motions for extension of time on Walker's behalf, which the court granted. In the second motion, counsel advised the court that Walker would proceed pro se in preparing an amended § 2255 motion within the allotted time. Accordingly, counsel asked to withdraw from the case, and the court will grant this request.

The allotted time for submission of the amended § 2255 motion has now elapsed, and Walker has not responded or moved for additional time to do so. In light of Walker's failure to file any response stating any claims for relief he wishes to pursue, pro se, in this § 2255 motion as conditionally construed by the court, the court will dismiss the § 2255 action without prejudice.[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 12th day of April, 2016.

/s/ Chief United States District Judge

---

[1] Such a dismissal leaves Walker free to file another § 2255 at some later date, although he may be subject to the time limits in § 2255(f).

2